Call the next case. 413-0869, Eva Epperson v. Workers' Compensation Commission. May it please the Court. Good morning, Your Honors. I'm Terry Shorter, and I represent the respondent in this case, or the appellant, Berk Jones, Incorporated. I'll be brief. You may be briefer than you realize. You may be briefer than you realize. Do you want me to look at the appendix to your brief? Tell us where in the appendix we'll find the circuit court's order. I don't bother looking any further. It's not there. Second of all, you might correct, the arbitrator made a determination that the claimant's injury did not arise out of her employment. Is that correct? Yes, Your Honor. Once it's in the commission, the commission affirms and adopts it. Is that correct? That's correct, Your Honor. It goes to the circuit court, and the circuit court reverses that and sends it back to the commission for hearing on damages. That's correct, Your Honor. Why are we here? We're here because we filed the appellant brief in order to protect my client's interests in the case. I understand the case law would seem to indicate that. We have no jurisdiction. I'm sorry, Your Honor. You filed an appeal where we have no jurisdiction. Are we a failed state for your client, or are you supposed to make a determination as to when there's jurisdiction for an appeal and when there isn't? Well, I checked the case law, Your Honor, and my understanding of the case law, unless I misinterpreted it, was that in the case where an award resulted in a TTD award or a permanency award, that it should have gone back to the commission for further determination prior to coming to the appellate court. In this case, there was a denial of benefits altogether at the arbitration and the commission level. Yes. So we filed the appeal here in order to protect the interest of our client. I don't understand protect the interest of your client. You had no final order to appeal, and you didn't come up here on an interlocutory appeal. You came up here on a 301. The Supreme Court, since 1977, has been of the position that when the circuit court reverses the dismissal of the commission and remands the matter back to the commission for further proceedings involving the resolution of an issue of law or fact, the order is interlocutory and it is not appealable. Case bus is another case you could have reviewed, but there's no jurisdiction in this case from the very beginning. If you had attempted to come up here on interlocutory, suggesting that if the circuit court totally reverses and remanded for a hearing de novo, then we'd have to make determinations as to whether we'd allow an interlocutory appeal. But you didn't come up on that. You came up on 301. So you're indicating to us, candidly, you exercised, you erred on the side of caution to protect your client's interest. But notwithstanding that personal compelling consideration, can you now see that this proceeding is remanded back? It's not final. It's interlocutory. Are you telling us we have jurisdiction? I mean, forget about the reason why you filed it. Are you arguing that we have jurisdiction? If you don't tell us because of your client's interest, we have jurisdiction. No, Your Honor. I looked at the Pace Bus Company case that Justice Hoffman mentioned. And the court in that case stated that when the circuit court reverses a decision, other commissioner remands for further proceedings involving the resolution of questions of law or fact, the order is interlocutory and not appealable.  I did read that case. However, the way that I read that case at the time was that in this case, since there was no award whatsoever, it had not been remanded for a determination of facts or determination of law. What did the circuit court order the commission to do on remand? The only thing the circuit court ordered the commission to do on remand was have a hearing on award of damages. That was it. Is there an issue of fact? Doesn't that make a determination of fact? Yes, Your Honor. Arguably, it does. I have seen that. You know, this might have been caught a little earlier. Since there's only one record and only one judge can have the record at a time, if you had included the order in your appendix, somebody might have seen it and it might not have gone all the way to oral argument before there was a problem with jurisdiction noticed. Yes, Your Honor. You're correct. And for that, I apologize. Hopefully less than learned. Yes, Your Honor. I believe you understood the tenor and view of the court here in this matter. That's why it was brief. That's why it was brief. I think that we are clearly without jurisdiction.  Okay. Thank you, Your Honor. Apolli, would you like for the record to speak on this issue or any other issue other than a PFA? Well, Your Honor, I think you made the right decisions here. Thank you. Thank you for your brief argument.  Thank you both, counsel.